IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CINDY PADIN-RIVERA,**

　Plaintiff,

　v.                                                                    Civil No. 10-1345 (GAG)

**A S MEDICAL, INC., et al.**

　**Defendants.**

**OPINION AND ORDER**

Plaintiff Cindy Padin-Rivera ("Plaintiff") brings this action against A S Medical, Inc. d/b/a A S Rehab Mobility ("A S Medical"), and Angel Santiago-Bernier ("Santiago") (collectively, "Defendants"), alleging sexual harassment through the creation of a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988.  Plaintiff also brings state claims alleging violations of Puerto Rico Law 17 of April 22, 1981 ("Law 17"), P.R. Laws Ann. tit. 29, §§ 155 *et seq.*; Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; Puerto Rico Law 69 of July 6, 1985 ("Law 69"), P.R. Laws Ann. tit. 29, §§ 1321 *et seq.*; Puerto Rico Law 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §§ 185a *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Article 1802 & 1803"), P.R. Laws Ann. tit. 31, §§ 5141, 5142.

Presently before the court is Defendants' unopposed motion for partial summary judgment as to the Title VII retaliation and Law 80 claims.  After reviewing these submissions and the pertinent law, the court **GRANTS** Defendants' motion.

**I.     Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

"[E]ntry of summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). When considering an unopposed motion for summary judgment, the court "is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Id. (quoting Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992)) (internal quotation marks omitted).

**II.     Factual and Procedural Background**

A S Medical is a duly organized corporation created and authorized to do business within

**Civil No. 10-1345 (GAG)**                                3

the Commonwealth of Puerto Rico. (See Docket Nos. 23 ¶ 2; 55-1 ¶ 1.) Plaintiff began working for A S Medical as Service Coordinator on May 3, 2008. (See Docket Nos. 23 at 4 ¶ 15; 55-1 at 2 ¶ 5.) She received various documents explaining her job description, her general duties, her salary and the vehicle use agreement. (See Docket Nos. 55-2 at 10-12; 55-3.) Plaintiff also received a copy of the Employee Manual. (See Docket No. 55-4.)

Between September 15, 2008 and January 30, 2009, Plaintiff received various warnings from A S Medical regarding violations of safety rules, violations of company policies, tardiness/leaving early and absenteeism. (See Docket Nos. 55-5, 55-6, 55-7, 55-8.) Plaintiff was terminated on January 30, 2009 and filed a charge with the EEOC on February 2009. (See Docket Nos. 55-8; 23 at 3 ¶ 13(iv); 55-1 at 5 ¶ 36.) The EEOC issued a Right to Sue Letter on January 27, 2010. (See Docket No. 1-2.)

On April 24, 2010, Plaintiff filed this complaint (Docket No. 1). An amended complaint (Docket No. 23) was filed on January 20, 2011. Defendants answered the amended complaint (Docket Nos. 24, 25). On August 8, 2011, Defendants moved for summary judgment on Plaintiff's Title VII retaliation and Law 80 claims (Docket No. 55). Plaintiff failed to respond and Defendants' motion was deemed unopposed. (See Docket No. 56.)

**III. Discussion**

   **A. Title VII Claims**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). There are various types of actionable sexual harassment claims under Title VII: *quid pro quo* harassment claims, hostile work environment claims, and retaliation claims. See Valentin-Almeyda v. Muncipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006). Defendants move for summary judgment on Plaintiff's Title VII retaliation claims.

   **1. Retaliation**

Title VII's anti-retaliation provision makes it unlawful for an employer to retaliate against a person who complains about discriminatory employment practices. See 42 U.S.C. § 2000e-3(a).

"To defeat summary judgment, a plaintiff must make a colorable showing that an adverse action was taken 'for the purpose of retaliating' against [her]." Mariani-Colon, 511 F.3d at 224 (quoting Randlett v. Shalala, 118 F.3d 857, 862 (1st Cir. 1997)).

A *prima facie* case of retaliation under Title VII must establish three elements: (1) that plaintiff engaged in a protected activity; (2) a materially adverse employment action that harmed the plaintiff inside or outside the workplace and that was harmful enough to "dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) that the adverse action taken against the plaintiff was casually linked to his or her protected activity. Bibiloni Del Valle v. Puerto Rico, 661 F. Supp. 2d 155, 168 (D.P.R. 2009) (quoting Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 223 (1st Cir. 2007)). Establishing a *prima facie* case of retaliation is a "relatively light burden." Mariani-Colon, 511 F.3d at 224 (citing Pomales, 447 F.3d at 85).

Once the plaintiff satisfies her *prima facie* burden, the defendant must produce a legitimate, non-retaliatory reason for the adverse action. Enica v. Principi, 544 F.3d 328 (1st Cir. 2008) (citing Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 26 (1st Cir. 2004)). "If the employer's evidence creates a genuine issue of fact, the presumption of discrimination drops from the case, and the plaintiff retains the ultimate burden of showing that the employer's stated reason for the challenged actions was in fact a pretext for retaliating." Harbor Holdings, 674 F. Supp. 2d at 366 (quoting Billings v. Town of Grafton, 515 F.3d 39, 55 (1st Cir. 2008)).

Title VII's anti-retaliation provision differs from its substantive provision in that the latter seeks to prevent injury to individuals based on who they are, while the former seeks to prevent harm to individuals based on what they do. DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008) (citations omitted) (internal quotation marks omitted). "The relevant question is whether [the employer] was retaliating against [the plaintiff] for filing a complaint, not whether he was motivated by gender bias at the time." DeCaire, 530 F.3d at 19. Accordingly, for the purpose of a retaliation claim, the relevant conduct is that which occurred *after* the plaintiff complained about his superior's discriminatory acts. Acosta v. Harbor Holdings & Operations, Inc., 674 F. Supp. 2d 351, 365 (D.P.R. 2009) (quoting Quiles-Quiles v. Henderson, 439 F.3d 1, 8 (1st Cir. 2006)) (internal quotations omitted).

**Civil No. 10-1345 (GAG)**                                5

After a review of the record, the court finds that Plaintiff's Title VII retaliation claims cannot survive summary judgment. Here, Plaintiff has not shown that she engaged in protected conduct other than filing a charge of discrimination with the EEOC in February 2009. See Torres-Negron v. Merck & Co., Inc., 488 F.3d 34, 44 (1st Cir. 2007) (citations omitted) (internal quotation marks omitted) ("An employee has engaged in an activity protected by Title VII if she has either opposed any practice made unlawful by Title VII, or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII."). Plaintiff was terminated on January 30, 2009.[1] (See Docket No. 55-8.) Because Plaintiff cannot show that her termination was in retaliation for her charge of sexual harassment with the EEOC, she fails to establish a *prima facie* case of retaliation.

However, even if the court were to assume that Plaintiff is able to establish a *prima facie* case, Defendants have offered a legitimate, non-discriminatory reason for her termination. The record contains various written warnings to Plaintiff regarding violations of safety rules, violations of company policies, tardiness/leaving early and absenteeism. (See Docket Nos. 55-5, 55-6, 55-7, 55-8.) These warnings date from September 15, 2009 to the date of Plaintiff's termination. (See id.) Accordingly, the court **GRANTS** summary judgment on Plaintiff's Title VII retaliation claim, and **DISMISSES** the same.

**B.     Law 80**

According to Law 80, a dismissal without just cause is "[one] made by mere whim or fancy of the employer or without cause relative to the normal operation of the establishment." P.R. Laws Ann. tit. 29, § 185b. The statute allows termination for a number of reasons related to the employee's job performance including an employee's improper and disorderly conduct, negligent attitudes toward her work, and violations of the employer's policies. See id.; Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 28 (1st Cir. 1998). The employer bears the ultimate

---

[1] An employer's dismissal of an employee is "a materially adverse action sufficient to dissuade a reasonable worker from making or supporting a charge of discrimination." Mariani-Colon, 511 F.3d at 223-224.

**Civil No. 10-1345 (GAG)**                              6

burden to prove that it had just cause to terminate the employee. See P.R. Laws Ann. tit. 29, § 185k; Alvarez-Fonseca, 152 F.3d at 28.

In this case, Defendants argue Plaintiff's termination was for "just cause" because she incurred in repeated violations of company policies and had a poor performance on the job. (See Docket No. 55 at 5-7.)

The record shows Plaintiff's termination was the final step in a series of progressive disciplinary measures taken by Defendants. A S Medical sent Plaintiff a warning on September 15, 2008 for not having a valid driver's license. (See Docket No. 55-5). Plaintiff was aware that not having a driver's license when the job required the use of a motor vehicle could entail a warning. (See Docket No. 55-2 at 14.) Even though the company vehicle could not be driven by someone without a valid driver's license, Plaintiff drove it during the four months she did not have a driver's license. (See Docket No. 55-2 at 13-14.)

A second warning was sent to Plaintiff for tardiness/leaving early and absenteeism. (See Docket No. 55-6.) Plaintiff admitted to being late to work twelve (12) times and having nine (9) absences since she began working for A S Medical. (See Docket No. 55-2 at 85.)

A third warning was issued to Plaintiff for violating company dress code policy. (See Docket No. 55-7.) The warning notes that it could not be delivered to Plaintiff because "[t]he young lady left the work area without prior notice." (See id.) Plaintiff received a fourth warning on January 30, 2009 for lying to her employer. (See Docket No. 55-8.) "[A] pattern of lateness and absenteeism reflected during the time that [Plaintiff] ha[s] worked with [A S Medical], and deficiency in the execution of the duties proper to [her] position" are stated as reasons of Plaintiff's termination. (See Docket No. 55-8.)

Defendants have demonstrated just cause for Plaintiff's dismissal. Furthermore, Plaintiff has failed to produce any evidence refuting Defendants' proffered reasons for her dismissal. Accordingly, Defendants's motion for summary judgment on Plaintiff's Law 80 claim is **GRANTED**.

**IV.  Conclusion**

For the reasons set forth above, the court **GRANTS** Defendants' motion for summary

**Civil No. 10-1345 (GAG)**                    7

judgment (Docket No. 55), and **DISMISSES** Plaintiff's Title VII retaliation and Law 80 claims.

    **SO ORDERED**.

In San Juan, Puerto Rico this 22nd day of September, 2011.

                                      *S/Gustavo A. Gelpí*

                                      GUSTAVO A. GELPÍ

                                  United States District Judge